UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Calvin Jones, | : | Case No. 1:07CV0704 |
| Plaintiff | : | Judge Sara Lioi |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination denying plaintiff's claim for supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in his favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

Plaintiff applied for benefits on November 18, 2002, alleging an onset date of January 1, 2002. In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "I have ADHD and ADD. Also, I can't read or write well" and "I do not understand a lot of things."

Upon denial of plaintiff's claim on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff

was represented by counsel, was held on November 2, 2005.[1] Also testifying at that proceeding was a vocational expert, Dr. Steven Simon.

At that hearing the plaintiff testified that he dropped out of school in the 9th grade, when he was around 15 or 16, because "I was a bad person in school, growing up. I was, always had a high temper and didn't go to school," and stated that he is unable to read and can do "a little bit" of arithmetic."[2] He admitted that he did not have a driver's license because it had been taken away in Ohio for driving under suspension and because of DUI convictions, "about 11 of them," the last being in 2002 after which he began attending AA and no longer drank.

When questioned about his employment history he stated that he had started a new job doing painting the previous week, but that he was not doing well at it because "I got a supervisor, he likes to really, you know pick on you and cuss at you and stuff like that so I just don't like that." Six months before that he had worked for four months for a trucking company unloading trucks, but was fired "Because he [his boss] said I couldn't perform my job right so they let me go, plus I couldn't show up for work on time because I didn't have no vehicle to get back and forth,...I got a bad temper and stuff and he would tell me something to do and then I just, I'd get mad at it and then I couldn't do my job right." When asked about a job he had in Ohio in 2001 at which he earned in excess of $13,000 he stated that he was fired after about four or five months "because of drinking." He also worked for over a year in Ohio around 1999 as a courier making deliveries to nursing homes, explaining that sometimes his girlfriend did the driving but at other times he drove without a license,

---

[1] That hearing was held in Tampa, Florida, the plaintiff then living in Lakeland, Florida. It appears that he has lived in both Ohio and Florida over a period of years.

[2] He incorrectly answered a question by the ALJ as to how much change he would get from a dollar for an item that cost seventy-eight cents, stating that it would be thirty-two cents.

2

and that he lost that job when the company discovered that his license was under suspension for eleven years.

On December 30, 2005 the ALJ entered his opinion denying plaintiff's claim. That decision became defendant's final determination upon denial of review by the Appeals Council on August 25, 2006. The ALJ's Findings, which represent the rationale of decision, were:

1. The claimant has engaged in work activity since the alleged onset of disability; however, the undersigned considers these as unsuccessful work attempts (CFR §404.1574).

2. The claimant's learning disorder, major depression, and a history of alcohol dependence in sustained remission are considered "severe" based on the requirements in the Regulations 20 CFR §416.920(c).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

4. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant has no exertional limitations. However, because of his non-exertional limitations, the claimant is mentally limited to the performance of simple, routine, repetitive tasks, in a low-stress work environment defined as requiring no more than occasional interaction with others (to include co-workers and supervisors), and performing goal orientated work, not production pace work.

6. The claimant is unable to perform any of his past relevant work (20 CFR §416.965).

7. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR §416.963).

8. The claimant has " a limited education" (20 CFR §416.964).

9. The claimant has no transferable skills from any past relevant

        work and/or transferability of skills is not an issue in this case (20 CFR §416.968).

10. Considering the types of work that the claimant is still functionally capable of performing in combination with the claimant's age, education and work experience, he could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy. Examples of such jobs include work as a cleaner II: DOT #919.687-014 of which there are 1,000 jobs locally, 8,000 statewide and 165,000 nationwide and as a cleaner (industrial): DOT #381.687-018 of which there are 10,000 jobs locally, 62,000 statewide and 1,150,000 nationwide. These positions are classified as medium and unskilled.

11. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §416.920(g)).

On this appeal three Assignments of Error are advanced, these being:

1. The ALJ did not have substantial evidence to findt [sic] the Plaintiff did not meet or equal Listing 12.05(C).

2. The ALJ did not have substantial evidence to discount Plaintiff's credibility and failed to state a valid reason for doing so.

3. The ALJ did not have substantial evidence to find that the Defendant had met its burden at Step Five of the Sequential Evaluation Process of showing that there were jobs in the economy that the Plaintiff could perform on a full-time competitive basis.

This Court does find it necessary to address these arguments in detail, as this Court finds a fundamental flaw in the ALJ's decision related to the plaintiff's first class of error.[3]

The decision of the Sixth Circuit Court of Appeals in Wilson v. Commissioner of Social Security, 378 F.3d 541 (6th Cir.), makes it clear that an ALJ's reasoning in finding a claimant not

---

[3]This Court finds it surprising that there is no mention in the ALJ's decision of the fact that the plaintiff had held several jobs in the years before his claimed onset date and lost all of them for reasons unrelated to his alleged disabilities, and that he had just started a new job.

disabled must be sufficiently clear that a reviewing court can make a reasoned decision whether that decision is supported by substantial evidence.[4]

In this case the ALJ simply stated in the "Evaluation of Evidence" portion of his opinion "After careful consideration of all the record, it is evident that the claimant has no impairment which meets the criteria of any of the listed impairments described in Appendix I of the Regulations (20 CFR, Part 404, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." This totally conclusionary statement gives this Court no insights into which of the several sublistings incorporated into Listing 12.00 pertaining to Mental Disorders the ALJ considered and/or the factual basis for his determination that none of them was met or equaled. The same is true of his Finding No. 3. Considering that the record reflects that the plaintiff is of limited intellect, has been diagnosed as suffering from a "Major Depressive Disorder, recurrent, moderate" and appears to have anger management issues the absence of a reasoned analysis of the evidence probative of these matters simply precludes a reasoned review, starting with the claim raised by the plaintiff that the ALJ did not have substantial evidence that the plaintiff did not meet or equal Listing 12.05(C).

Quite frankly, this Court has serious misgivings as to the underpinnings of plaintiff's claim of disability, but this Court's view in this regard does not vitiate this Court's conclusion that the ALJ's decision is fatally deficient.

It is, therefore, this Court's recommendation that the defendant's final determination be

---

[4]Although the precise context of Wilson was the ALJ's assessment of the opinion of a treating physician, this Court believes that the rationale regarding the requisite clarity of an ALJ's reasoning applies across the board.

reversed and an order of remand pursuant to the fourth sentence of 42 U.S.C. §405(g) be entered.[5]

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   October 15, 2007

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[5] If it is determined upon remand that another evidentiary hearing is warranted this Court believes that the ALJ would be well advised to utilize the services of a mental health professional in the capacity of medical expert.