# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN JONES, | ) | CASE NO. 1:07CV704 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommended Decision ("R&R") of Magistrate Judge David S. Perelman (Doc. No. 13) with respect to plaintiff's request for judicial review of the Commissioner's denial of his claim for supplemental security income benefits ("SSI benefits"). The Commissioner filed objections and the Plaintiff filed a response to those objections. (Doc. Nos. 14 and 15, respectively.)

Upon *de novo* review of those portions of the R&R to which objections have been filed, the Court hereby **ADOPTS** the Report and Recommended Decision and **REMANDS** the case pursuant to sentence four of 42 U.S.C. § 405(g).

# I.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an application for SSI benefits on November 18, 2002, alleging a disability onset date of January 1, 2002. (Transcript ["Tr."] 49.) His application was denied initially and upon reconsideration. (Tr. 30, 35.) On Plaintiff's request, a hearing was conducted before an Administrative Law Judge ("ALJ") on November 2, 2005, with Plaintiff represented by counsel. (Tr. 178.) A vocational expert ("VE") testified at the hearing. On December 30, 2005, the ALJ issued a decision affirming the denial of benefits. (Tr. 13.) Plaintiff timely appealed and, on August 25, 2006, the Appeals Council declined to review his case. (Tr. 4.)

Plaintiff timely filed the instant action under 42 U.S.C. § 405(g) and 1383(c)(3) seeking judicial review of the administrative determinations. Plaintiff, represented by counsel, filed his brief on the merits (Doc. No. 10.); the Commissioner filed a response brief (Doc. No. 11); and Plaintiff filed a reply (Doc. No. 12).

On October 15, 2007, Magistrate Judge Perelman issued his R&R. (Doc. No. 13.)

# II.

## STANDARD OF REVIEW

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health*

*& Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). It is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley*). If there is substantial evidence to support the Commissioner's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

### III.

### DISCUSSION

The R&R recommends that the final determination to deny SSI benefits be reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) because it cannot be ascertained from the Commissioner's "conclusory" final decision "which of the several sublistings incorporated into Listing 12.00 pertaining to Mental Disorders the ALJ considered and/or the factual basis for his determination that none of them was met or equaled." (Doc. No. 13, at 5.)

In the objections, the Commissioner asserts that this conclusion overlooks another portion of the ALJ's decision, which addressed step three of the five-step analysis, as follows:

> [. . .] The medical evidence indicates that the claimant has a learning disorder, major depression, and a history of alcohol dependence in sustained remission, impairments that are "severe" within the meaning of the Regulations but not "severe" enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.

(Tr. 14.) The Commissioner cites *Price v. Heckler*, 767 F.2d 281 (6th Cir. 1985) in support of his position that the ALJ need not articulate his or her reasoning with much particularity. In *Price*, the majority found it sufficient that the ALJ had merely stated that "the conditions, individually or in

3

combination, do not meet or equal in severity the [Commissioner's] list of impairments. *Id*. at 284.[1] In addition, the Commissioner points out that "[e]ven in a close case in which the myriad medical problems of the claimant are [ ] evident [. . .], the ALJ's findings of fact should not be disturbed unless we are persuaded that his findings are legally insufficient." *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

In response to these objections, Plaintiff cites two decisions outside the Sixth Circuit for the proposition that the ALJ must be more particular in his step-three analysis, to the point of identifying the relevant listed impairments that he or she is rejecting. (*See*, Doc. No. 15, at 2.) In addition, Plaintiff points to another district court decision wherein the court remanded a case because fact-finding was necessary to determine whether the claimant met Listing 1.06. That court concluded:

> where, as here, there is substantial evidence in the record that could support findings either way as to whether a claimant meets a Listing Requirement, "the determination is for the ALJ to make in the first instance." *Nowlen v. Comm'r. of Soc. Security*, 277 F.Supp.2d 718, 725 (E.D. Mich.2003). This court is not authorized to try the case *de novo* nor resolve conflicts in record evidence. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). The court declines defendant's implicit invitation to decide for the first time whether substantial evidence in this record could only legitimately support a finding that plaintiff was able to ambulate effectively as envisioned under Listing Requirement § 1.06B.

*Williams v. Barnhart*, 407 F.Supp.2d 862, 865 (E.D. Mich. 2005).

---

[1] This quotation from the ALJ's decision is actually found in Judge Peck's dissent, which criticized the majority's conclusion that the ALJ could have articulated his findings "with more particularity." In Judge Peck's view the ALJ had stated his findings with "no particularity at all." *Price*, 767 F.2d at 284 (Peck, J., dissenting).

Although the ALJ's decision does review the record evidence relating to Plaintiff's "history of mental problems" (Tr. 14), psychological evaluations (Tr. 15), and his daily activities (Tr. 16), he never links these factual findings to any of the listings. In his merit brief before the Magistrate Judge, Plaintiff assigned as error the ALJ's failure to set forth substantial evidence to find that the Plaintiff did not meet or equal Listing 12.05(C), the listing for Mental Retardation.

Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). This Listing states:

> **12.05 Mental retardation:** Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> Or
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> Or
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> Or
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:

      1. Marked restriction of activities of daily living; or

      2. Marked difficulties in maintaining social functioning; or

      3. Marked difficulties in maintaining concentration, persistence, or pace; or

      4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Here, Plaintiff argues for the set of criteria in (C).

      To determine whether a claimant meets the listing in 12.05(C), the ALJ assesses the degree of functional limitation the additional impairment imposes to determine if it significantly limits the claimant's physical or mental ability to do basic work activities, i.e., is a "severe" impairment. If the additional impairment does not cause limitations that are "severe" as defined in the Commissioner's regulations, the ALJ will not find that the additional impairment imposes "an additional and significant work-related limitation of function," even if the claimant is unable to do his past work because of the unique features of that work.

      The problem with the instant case is that the ALJ did not specifically identify which of the Listings he examined in reaching his determination that Plaintiff did not meet or equal any of the Listings. This failure by the ALJ to identity any listing and to set forth his specific analysis under that listing leaves nothing for this Court to review. These are matters for the ALJ in the first instance, not for this Court on judicial review.

## IV.

## CONCLUSION

      For the reasons set forth above, the Court **ADOPTS** the Report and Recommended Decision of Magistrate Judge Perelman, **REVERSES** the Commissioner's final decision to deny

Supplemental Security Income benefits, and **REMANDS** this case pursuant to sentence four of 42 U.S.C. § 405(g).

   **IT IS SO ORDERED**.

Dated: March 26, 2008

                **HONORABLE SARA LIOI**
                **UNITED STATES DISTRICT JUDGE**